Christopher D. Burk, Esq.
Hawai'i Bar No.: 11268
THE PATRIOT LAW FIRM CORP.
590 Farrington Hwy, Suite 529P
Kapolei, HI 96707
**Mailing Address:**
2350 West Charleston Blvd., Suite 202
Las Vegas, NV 89102
Phone: (702) 620-2020
Facsimile: (702) 623-5113
Email: chris@thepatriotlawfirm.com
*Attorney for Plaintiff*

Electronically Filed
FIFTH CIRCUIT
5CCV-21-0000141
09-DEC-2021
02:30 PM
Dkt. 1 CMP

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

**CIRCUIT COURT OF THE FIFTH CIRCUIT**

**STATE OF HAWAI'I**

| | |
|---|---|
| CYNTHIA MCKELLAR,<br><br>Plaintiff,<br><br>vs.<br><br>OUTFITTERS KAUAI, LTD.;<br><br>DOE EMPLOYEE I;<br><br>DOE COMPANY II;<br><br>DOE COMPANY III;<br><br>DOE ENTITY IV;<br><br>DOES V-X; AND ROE BUSINESS ENTITIES XI-XX,<br><br>Defendant(s). | CASE NUMBER:<br><br>**COMPLAINT** |

Plaintiff, CYNTHIA MCKELLAR, individually, by and through her attorney of record, Christopher D. Burk, Esq. of The Patriot Law Firm Corp., complains against Defendants, OUTFITTERS KAUAI, LTD.; DOE EMPLOYEE I; DOE COMPANY II; DOE COMPANY III; DOE ENTITY IV; DOES V-X; AND ROE BUSINESS ENTITIES XI-XX, inclusive, and each of



EXHIBIT A

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

them, and alleges as follows:

1. At all times relevant herein, Plaintiff, CYNTHIA MCKELLAR (hereinafter "Plaintiff") was and is a resident of Las Vegas, NV.

2. At all times relevant herein, Defendant, OUTFITTERS KAUAI, LTD. (hereinafter "Defendant") is a Hawai'i limited liability company authorized to do business in the State of Hawai'i.

3. Plaintiff is informed and believed, and thereon alleges, that at all times relevant hereto, Defendant DOE EMPLOYEE I, was and is a resident of Hawai'i.

4. DOE EMPLOYEE I is the employee of Defendant, OUTFITTERS KAUAI, LTD., that failed to assist Plaintiff off the subject power boat.

5. Plaintiff is informed and believed, and thereon alleges, that at all times relevant hereto, Defendant DOE COMPANY II, was and is a company authorized to do business in the State of Hawai'i.

6. DOE COMPANY II is the unknown company who owns the subject power boat utilized by Defendant, OUTFITTERS KAUAI, LTD.

7. Plaintiff is informed and believed, and thereon alleges, that at all times relevant hereto, Defendant DOE COMPANY III, was and is a company authorized to do business in the State of Hawai'i.

8. DOE COMPANY III is the unknown company who marketed the event operated by Defendant, OUTFITTERS KAUAI, LTD.

9. Plaintiff is informed and believed, and thereon alleges, that at all times relevant hereto, Defendant DOE ENTITY IV, was and is a resident of Hawai'i or a company authorized to do business in the State of Hawai'i.

10. DOE ENTITY IV is the unknown person or entity that permitted its patrons, including Plaintiff, to exit the subject power boat utilized by Defendant, OUTFITTERS KAUAI, LTD without assistance.

11. That the true names or capacities, whether corporate, associate, individual or otherwise, of Defendants DOES V through X, inclusive, are unknown to Plaintiff who, therefore,

sues said Defendants by such fictitious names. Plaintiff is informed and, on that basis believes and thereon alleges, that each of the Defendants designated herein as DOE is legally responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of DOES V through X when the same have been ascertained and to join such Defendants in this action.

12. That the true names or capacities of Defendants, ROE BUSINESS ENTITIES XI through XX, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Defendants designated herein as ROE BUSINESS ENTITIES XI through XX, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and, on that basis believes and thereon alleges, that each of the Defendants designated as a ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

13. Defendants are not members of the military or US Armed Forces.

## JURISDICTION

14. This Court has subject matter and personal jurisdiction over this matter as the facts alleged occurred in Lihue, Kauai County, Hawai'i and involve an amount in controversy in excess of $40,000.00, exclusive of attorney's fees, interest and costs.

15. Venue is proper, as Defendants, or any one of them resided, was domiciled or was authorized to do business in in Lihue, Kauai County, Hawai'i at the commencement of this action.

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

16. On or about December 19, 2019, Plaintiff, was a patron on a kayak excursion operated by Defendant, Outfitters Kauai, Ltd.

17. On said date and time, a long catamaran style power boat was used to shuttle the patrons to and from the excursion.

18. Defendant employee(s) assisted the passengers, including Plaintiff, as they were loading on to the power boat.

19. As a requirement by the Defendant employee(s), all patrons were to remove their shoes while on the power boat. As such, Plaintiff had removed her shoes.

20. Upon returning to the dock, Defendant employee(s) failed to assist Plaintiff off the power boat as she previously had been upon loading.

21. When Plaintiff attempted to gather her shoes and get off the power boat, she was unable to stabilize herself and slipped on the slippery boat deck, falling hard and injuring her right arm/shoulder.

22. Defendant had a duty to create a safe environment for its patrons and breached that duty by failing to create a hazard free environment, which caused Plaintiff to fall and suffer significant injuries.

23. Due to this negligence, Plaintiff suffered damages in excess of $40,000.

## FIRST CLAIM FOR RELIEF
**(Negligence – Premise Liability)**
**Against All Defendants**

24. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and expressly incorporates the same by reference.

25. Defendant owed a duty of care to the Plaintiff to provide a reasonably safe vessel for its passengers and for the Defendant's employees to act in a reasonably safe and prudent manner. Defendant failed to do this.

26. Defendant's employee(s) breached its duty by failing to create a hazard free environment.

27. Defendant's employee(s) breached their duty to their passengers by failing to follow safety rules.

28. The Defendant knew or should have known of the dangerous conditions, the wet surface Plaintiff was to walk on.

29. Defendant owed a duty to warn Plaintiff of perils that would foreseeably harm her, including placing warning signs or cones. Plaintiff breached this duty.

30. Defendant owed a duty to maintain a safe vessel to protect persons such as Plaintiff from harm, including curing hazards on the deck. Plaintiff breached this duty.

31. Defendant owed a duty to reasonably assist Plaintiff off the vessel. Plaintiff breached this duty.

32. Due to the unsafe and dangerous condition of the vessel and Defendant's negligence, Plaintiff was caused and suffered significant injuries to her right shoulder.

33. Due to Defendant's negligence, Plaintiff suffered a displaced fracture of glenoid cavity of scapula and displaced fracture of neck of scapula, right shoulder, requiring surgery.

34. Due to Defendant's negligence, Plaintiff suffered and continues to suffer pain, suffering and general damages.

35. Due to Defendant's negligence, Plaintiff suffered wage loss.

36. The actions of Defendant forced Plaintiff to retain counsel to represent her in the prosecution of this action entitling Plaintiff to an award of reasonable attorney's fees and costs of suit.

37. Defendant is vicariously liable for the negligent torts committed by their employees as in this case via respondeat superior.

38. Defendant negligently hired, trained, supervised and retained employees to keep its vessel reasonably safe.

39. Defendant had a duty to hire, properly train, properly supervise, and properly retain competent employees. Defendant failed to do this.

40. Upon information and belief, Defendant breached its duty by improperly hiring, improperly training, improperly supervising and improperly retaining competent employees.

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

41. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff has incurred past, present and future damages, general and special, in excess of $40,000.00.

**SECOND CLAIM FOR RELIEF**

**(Negligent Hiring, Training, Supervision and Retention)**

42. Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs and expressly incorporates the same by reference.

43. Defendant OUTFITTERS KAUAI, LTD operated the power boat at the time of the subject incident.

44. Defendant DOE EMPLOYEE I was operating the power boat for and on behalf of OUTFITTERS KAUAI, LTD, their employer.

45. Defendant OUTFITTERS KAUAI, LTD negligently entrusted the use of the power boat to DOE EMPLOYEE I at the time of the subject incident.

46. Defendants committed acts of negligence, negligence *per se*, and gross negligence including:

- Failing to properly train their employees;
- Failing to properly supervise employees;
- Failing to hire, manage, train, and supervise competent employees;
- Failing to take appropriate and reasonable action to protect Plaintiff;
- Failing to implement adequate safety policies and/or procedures;
- Failing to enforce adequate safety policies and/or procedures;
- Vicarious liability for the acts and/or omissions of their employees;
- Violated basic safety rules;
- Other acts and/or omissions that would be deemed negligence, negligence *per se*, and/or gross negligence.

47. Defendant OUTFITTERS KAUAI, LTD are liable to Plaintiff for the injuries caused by DOE EMPLOYEE I.

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

48. Defendants' acts and/or omissions proximately caused Plaintiff's injuries and damages.

49. Defendant had a duty to hire, properly train, properly supervise, and properly retain competent employees.

50. Upon information and belief, Defendant breached its duty by improperly training, improperly supervising, and improperly retaining competent employees.

51. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff has incurred damages, both general and special, including loss of income and medical expenses as a result of the necessary treatment of her injuries, and will continue to incur damages for future medical treatment necessitated by accident-related injuries she has suffered in an amount in excess of $40,000.00.

52. The actions of Defendant forced Plaintiff to retain counsel to represent her in the prosecution of this action entitling Plaintiff to an award of reasonable attorney's fees and costs of suit.

53. Employers are vicariously liable for the torts committed by their employees if the tort occurs while the employee was acting in the course and scope of employment such as the case at bar.

54. Defendant OUTFITTERS KAUAI, LTD is liable under this theory of respondeat superior for the negligent actions of the Defendant DOE EMPLOYEE I.

55. Plaintiff prays for Judgment against Defendant OUTFITTERS KAUAI, LTD in an amount in excess of $40,000.00, interest, and costs including: reasonable attorney's fees, past and future lost wages, pain and suffering, past and future medical expense, past and future general damages, consequential damages, punitive damages, and any additional relief this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves her right to amend this Complaint at the time of trial, to include all items of damage not yet ascertained, and demands judgment against Defendants, and each of the Defendants as follows:

THE PATRIOT LAW FIRM CORP.
2350 West Charleston Blvd. Suite 202
Las Vegas, Nevada 89102
OFFICE: (702) 620-2020 FAX: (702) 623-5113

1. For general, special and economic damages in an amount in excess of forty thousand dollars ($40,000.00), to be set forth at the time of trial;

2. For reasonable attorney's fees;

3. For costs of suit and prejudgment interest; and

4. For such other relief the Court deems just and proper.

DATED this 9th day of December 2021.

**THE PATRIOT LAW FIRM**

Christopher D. Burk, Esq.
Hawai'i Bar No.: 11268
2350 West Charleston Blvd, Suite #202
Las Vegas, NV 89102
*Attorney for Plaintiffs*

SUMMONS CIRCUIT Form #5DC50

IN THE ~~DISTRICT~~ COURT OF THE FIFTH CIRCUIT
LIHUE DIVISION
STATE OF HAWAI'I

Plaintiff
CYNTHIA MCKELLAR

Reserved for Court Use

Electronically Filed
FIFTH CIRCUIT
5CCV-21-0000141
09-DEC-2021
04:36 PM
Dkt. 9 SUMM

Civil No.

Defendant
OUTFITTERS KAUAI, LTD.; DOE EMPLOYEE I; DOE COMPANY II; DOE COMPANY III; DOE ENTITY IV; DOES V-X; AND ROE BUSINESS ENTITIES XI-XX

Filing Party/Attorney Name, Attorney Number, Firm Name (if applicable), Address, and Telephone Number
Christopher D. Burk, Esq.
Hawai'i Bar No.: 11268
The Patriot Law Firm
2350 W Charleston Blvd, Suite 202
Las Vegas, NV 89102
Phone: (702) 620-2020

**SUMMONS**

**THE STATE OF HAWAI'I:**

**TO:** The Director of Public Safety of the State of Hawai'i, the Director's deputy, or any police officer or other person authorized by the laws of the State of Hawai'i:

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judge permits, in writing on this Summons, personal delivery during those hours.

**TO THE DEFENDANT:**

You are required to file a written answer or appear before the District Judge of this Court, in the Judge's Courtroom, on the day and at the time designated below. If the Defendant is a corporation or limited liability company, Hawai'i law requires it to be represented by an attorney licensed to practice in the State of Hawai'i.

**IF YOU OR YOUR ATTORNEY FAIL TO ATTEND THE COURT HEARING AT THE TIME AND PLACE DESIGNATED OR FILE A WRITTEN ANSWER A DEFAULT JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**District Court Division 3970 Kā'ana Street, Courtroom #2, Līhu'e, Hawai'i 96766** at **8:00 a.m.** on the third **Monday** following date of service and should said **Monday** be a legal holiday then upon the next **Monday**.

Mailing address: District Court Division - 3970 Kā'ana Street, Suite 207, Līhu'e, Hawai'i 96766

Date: December 9, 2021

Clerk [signature]



In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require an accommodation for a disability when working with a court program, service, or activity, please contact the District Court Administration Office at PHONE NO. 482-2347, FAX 482-2509, or TTY 482-2533 at least ten (10) working days before your proceeding, hearing, or appointment date. **For all Civil related matters, please call 482-2303 DC Civil Division or visit the Self Help Center at 3970 Kā'ana Street, Līhu'e, Hawai'i 96766.**